[ECF No. 33]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JANE DOE (C.A.M.),

           Plaintiff,

v.

AAVIJ INC. et al.,

           Defendants.

Civil No. 24-11509 (RMB/SAK)

OPINION AND ORDER

This matter is before the Court on the motion for leave to proceed anonymously under a pseudonym [ECF No. 33] filed by Plaintiff Jane Doe (C.A.M.). No opposition was filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, Plaintiff's motion is **GRANTED**.

I.      **BACKGROUND**

Plaintiff filed this action on December 31, 2024 asserting claims under 18 U.S.C. 1595(a) of the Trafficking Victims Protection Act against Defendants AASVIJ Inc. d/b/a Express Inn, Vijay C. Patel, and Satish P. Shah (collectively, "Defendants"). *See generally* Compl., ECF No. 1. Plaintiff alleges that she is a survivor of sex trafficking. Plaintiff further alleges that her trafficking began and ensued at a hotel which was owned and operated by Defendants. *See id.* ¶¶ 1–9, 19–25. As such, Plaintiff contends that Defendants are liable under 18 U.S.C. § 1595(a) for knowingly benefiting from participation in a venture that they knew, or should have known, was engaged in sex trafficking. *Id.* ¶ 85.

Plaintiff now moves for leave to proceed under a pseudonym so she can pursue the case "without risk of undue harm to her person, family, and the life she is trying to reclaim." Mot. at 1. Plaintiff asserts she has a strong interest in remaining anonymous. *See id.* at 3–5.  She also asserts that public interest weighs in favor of her anonymity. *See id.* at 5–6.  Plaintiff alleges that her "only sense of security is that her trafficker does not know her legal name." *Id.* at 1.  As a result, Plaintiff contends that she faces "an acute risk of harm" in the form of retaliation if her identity is disclosed. *Id.* at 5.  Plaintiff further alleges that her underlying claims in this action involve matters that are "highly sensitive and deeply personal" and "highly stigmatiz[ed]." *Id.* at 3, 4.  Therefore, "Plaintiff faces stigma from her family, friends, future employers, and the public" if her identity is disclosed. *Id.* at 4.  She also alleges that public policy considerations support her proceeding anonymously. Specifically, Plaintiff alleges that "the public has an interest in protecting the well-being of victims who choose to come forward and pursue available legal remedies so that other victims will not be deterred from reporting such crimes." *Id.* at 6.  Lastly, Plaintiff contends proceeding anonymously will not cause significant prejudice to Defendants. *See id.* at 6–7.  Plaintiff's counsel has already provided her "full name and identifying information" to defense counsel, subject to the operative protective order. *Id.* at 7 (citing ECF No. 28).  In sum, Plaintiff maintains that she has shown the particularized harm she would suffer from disclosure of her identity outweighs the public's interest in open judicial proceedings and any prejudice to Defendants. *See id.* at 7–8.

## II.    DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 10(a) "requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations omitted). "Identifying the parties to the proceeding is an important dimension of publicness." *Id.* (quoting

2

*Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).  "[A] plaintiff's use

of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'"

*Id.* (alteration in original) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058,

1067 (9th Cir.2000)).  This notwithstanding, courts have recognized that a party may proceed by

pseudonym in exceptional cases. *See, e.g.*, *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2

(3d Cir. 2008); *see also Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014) (allowing an alleged victim

of child pornography to proceed anonymously).

The mere allegation that a plaintiff may suffer embarrassment or economic harm will not

suffice. *Megless*, 654 F.3d at 408 (citation omitted).  "Instead, a plaintiff must show 'both (1) a

fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v.

Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010)).  Upon a

sufficient showing, "district courts should balance a plaintiff's interest and fear against the public's

strong interest in an open litigation process." *Id.* (citations omitted).  In *Megless*, the Third Circuit

endorsed a non-exhaustive, multi-factor balancing test which weighs competing interests in favor

of anonymity against those favoring the traditional rule of openness. *Id.* at 409–10 (citing *Doe v.

Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).  The factors that generally

weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the
> bases upon which disclosure is feared or sought to be avoided, and the substantiality
> of these bases; (3) the magnitude of the public interest in maintaining the
> confidentiality of the litigant's identity; (4) whether, because of the purely legal
> nature of the issues presented or otherwise, there is an atypically weak public
> interest in knowing the litigant's identities; (5) the undesirability of an outcome
> adverse to the pseudonymous party and attributable to his refusal to pursue the case
> at the price of being publicly identified; and (6) whether the party seeking to
> sue pseudonymously has illegitimate ulterior motives.

*Id.* at 409 (quoting *Provident Life*, 176 F.R.D. at 467–68).  The following factors generally militate against anonymity:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.*  The Third Circuit clarified that the foregoing list of factors "is not comprehensive," as the facts of a particular case may implicate other considerations. *Id.* at 409–10.  The decision of whether to allow a litigant to proceed anonymously rests within the sound discretion of the court. *See Oshrin*, 299 F.R.D. at 103 (citation omitted).

### B.  Analysis

Here, the Court finds that Plaintiff's motion and the allegations set forth in her complaint sufficiently support her request to proceed anonymously.  Plaintiff has established both a fear of severe harm and that this fear is reasonable.  Upon an application of the relevant factors, the Court also finds that Plaintiff's interest in remaining anonymous outweighs the public's interest in access to her identity.  Plaintiff has maintained the confidentiality of her identity since the outset of this litigation.  Her identity is not disclosed in any pleadings, motions, or other filings in this action.  Therefore, the Court concludes that the first factor weighs in favor of anonymity.

The second factor addresses the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases.  The Court finds that Plaintiff's motion demonstrates substantial grounds to support her fear of public disclosure.  Plaintiff alleges that disclosure of her identity would result in her suffering stigma and psychological harm. *See* Mot. at 4–5.  She also alleges it would result in "the threat of retaliation or reprisal by her trafficker and those connected to him." *Id.* at 5.  The Court finds Plaintiff's fears compelling, particularly in light of her status as

4

an alleged victim of sex trafficking. *See Doe v. Princeton Univ.*, No. 19-7853, 2019 WL 5587327, at \*4 (D.N.J. Oct. 30, 2019) (finding that the plaintiff's "alleged victim status weigh[ed] this factor in his favor"). Therefore, the Court finds that the second factor weighs in favor of anonymity.

The third factor considers the public's interest in maintaining the confidentiality of the litigant's identity. The public may have an interest in maintaining confidentiality when the litigant belongs to a particularly vulnerable class,[1] the subject matter is highly personal,[2] or if undesirable consequences will flow from revealing the identity of a litigant.[3] When the public has an interest in maintaining the confidentiality of a litigant's identity, this factor may favor anonymity. Here, the Court finds that there is a strong public interest in maintaining the confidentiality of Plaintiff's identity due to her status as an alleged victim of sex trafficking and the highly sensitive and deeply personal nature of the allegations underlying her complaint. *See Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"). Therefore, the Court finds that the third factor also weighs in favor of anonymity.

As to the fourth factor, the Court examines the public interest, if any, in ascertaining the litigant's identity. The Court does not find a public interest exists in ascertaining Plaintiff's actual

---

[1] Relevant vulnerable classes include minors, the mentally ill, and victims of sexual assault. *See Oshrin*, 299 F.R.D. at 104 (victim of child pornography); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (victim of sexual assault); *Provident Life*, 176 F.R.D. 464 (litigant suffering from several mental illnesses).

[2] Highly personal subject matter includes, but is not limited to, abortion, religious beliefs, and other extraordinarily personal areas. *See generally Megless*, 654 F.3d at 408 (citation omitted).

[3] The public has an interest in maintaining the confidentiality of a litigant's identity when the consequences of revealing it include revealing the identities of vulnerable parties, such as children and the victims of crimes. *See, e.g.*, *D.M. v. Cnty. of Berks*, 929 F. Supp. 2d 390 (E.D. Pa. 2013) (anonymity of litigant-parents required to protect identities of children allegedly abused by parent); *see also Princeton Univ.*, 2019 WL 5587327, at \*4 (granting a motion to proceed anonymously, in part, because of the plaintiff's status as a "victim of sexual assault").

identity.  Plaintiff is a private citizen seeking to litigate private and highly sensitive issues.  Further, even if Plaintiff's identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation. *See Provident Life*, 176 F.R.D. at 468 (noting that the plaintiff's "use of a pseudonym [would] not interfere with the public's right or ability to follow the proceedings"); *see also Evans*, 202 F.R.D. at 176 (concluding that "protecting [the plaintiff's] identity [would] not impede the public's ability to follow the proceedings").  Therefore, the Court finds that the fourth factor favors anonymity.

With respect to the fifth factor, the Court considers the undesirability of an outcome adverse to the pseudonymous party and attributable to her refusal to pursue the case at the price of being publicly identified.  Here, Plaintiff has not expressed an intention to abandon her case if she was required to disclose her identity.  Rather, Plaintiff asserts that public disclosure would result in stigmatization and potential retaliation or reprisal by her trafficker and those connected to him. *See id.* at 4, 5.  Nevertheless, given the issues at stake in the litigation, the Court finds that denying Plaintiff's motion may inhibit her willingness to pursue her claims. *See Oshrin*, 299 F.R.D. at 104. For this reason, the Court finds that this factor weighs in favor of anonymity.

The sixth factor considers whether there is an illegitimate ulterior motive underlying the request to proceed anonymously.  Here, Plaintiff seeks to protect her privacy interests in the highly sensitive and personal subject matter giving rise to this litigation.  The Court does not find that Plaintiff's motion is motivated by an improper purpose. *See Doe. v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550–51 (D.N.J. 2006) (finding that the plaintiff had "no illegal or ulterior motives . . . but merely [sought] to protect his reputation and not aggravate his medical condition").  Thus, the Court concludes the sixth factor also weighs in favor anonymity.

Next, the Court finds that the factors militating against anonymity do not warrant the denial of Plaintiff's motion. The only factor that disfavors her use of a pseudonym is the public's general interest in having access to the identity of litigants. This factor does not override the other interests discussed herein. *See Hartford Life*, 237 F.R.D. at 551 (noting "this interest exists in some respect in all litigation and does not outweigh the strength of the [other] factors"). The remaining factors are not applicable because Plaintiff is not a public figure, and the subject matter of this litigation does not give rise to a public interest greater than that "which is normally obtained." *Megless*, 654 F.3d at 409. Plaintiff's motion is also unopposed and defense counsel has been provided with her name and identifying information, subject to the parties' protective order. *See* Mot. at 7. Therefore, because the public and private interests in permitting Plaintiff to proceed anonymously outweigh the public's interest in open judicial proceedings, the Court will grant the motion.

## III.   CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **18th** of **March**, **2026**, that Plaintiff's motion for leave to proceed anonymously under a pseudonym [ECF No. 33] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall continue to be referred to as "Jane Doe (C.A.M.)" throughout the course of this litigation.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc: Hon. Renée Marie Bumb, Chief Judge